UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**RACHELL A. STALLWORTH,**

    **Plaintiff,**

v.                                             Case No. 3:09cv404/MCR/MD

**OKALOOSA COUNTY SCHOOL DISTRICT,**

    **Defendant**.
_____/

**O R D E R**

    Plaintiff Rachell A. Stallworth has filed a three-count First Amended Complaint (doc. 3) against her employer Defendant Okaloosa County School District, alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. (Count I); retaliation in violation of Title VII (Count II); and workers' compensation retaliation in violation of Fla. Stat. § 440.205 (Count III). Pending before the court is the defendant's Motion to Dismiss, seeking to dismiss Count III for lack of jurisdiction (doc. 10), which the plaintiff opposes (doc. 19). For reasons that follow, the court DENIES the motion.

    In support of its motion, Defendant cites 28 U.S. C. § 1445(c) and cases involving attempts to remove state law workers' compensation retaliation claims. Congress has deemed certain actions to be nonremovable, among them "[a] civil action in any State Court arising under the workmen's compensation laws of such State," 28 U.S. C. § 1445(c), but this statute has no applicability in this case. Although § 1445(c) evidences a "Congressional intent toward maintaining state court jurisdiction over worker's

compensation cases filed in state court," the statute expressly applies only to state workers' compensation actions that first were filed in a state court and then removed to federal court. *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1118 (5th Cir. 1998) (noting [a] plain reading of the statute lends credence to the proposition that § 1445(c) prohibits the *removal* of any state worker's compensation claims" (emphasis added)). This case was not removed from state court.

Defendant argues that despite § 1445(c)'s plain application to removal actions, the statute also precludes the court from exercising supplemental jurisdiction over a state workers' compensation claim; however, the defendant cites no cases or law to support this proposition, and the court has found none. Pursuant to 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over all claims that are so related to the claims within this court's "original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The district court may decline to exercise supplemental jurisdiction in certain instances, such as when a claim "raises a novel or complex issue of State law" or when the court has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c). However, there is no indication in § 1445(c) or elsewhere that Congress sought to preclude this court from exercising supplemental jurisdiction over a claim of retaliation in violation of a state's workers' compensation law when the claim was not first filed in state court and removed to federal court. This court has previously exercised jurisdiction over such a claim, noting, a "workers' compensation retaliation claim is analyzed under the same framework as a federal retaliation claim under Title VII." *Coker v. Morris*, No. 3:07cv151, 2008 WL 2856699, at *6 (N.D. Fla. 2008). *See, e.g., Moore v. Sears Roebuck &* Co., No. 3:06cv255, 2007 WL 1950405, at *10 (N.D. Fla. 2007) (declining to exercise supplemental jurisdiction over such a claim); *Brown v. B and D Plastics, Inc.*, 873 F. Supp. 1511, 1512 (M.D. Ala. 1994) (exercising supplemental jurisdiction over such a claim). The court concludes that it does not lack jurisdiction over the state workers' compensation retaliation claim of Count III.

Accordingly, it is hereby ORDERED that Defendant's Motion to Dismiss (doc. 10) is DENIED.

**DONE AND ORDERED** this 1st day of March, 2010.

 *s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**