UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RACHELL A. STALLWORTH,

Plaintiff,

v.

CASE NO: 3:09-cv-404-MCR-MD

OKALOOSA COUNTY SCHOOL DISTRICT,

Defendant.

## CONFIDENTIALITY AGREEMENT AND PROPOSED PROTECTIVE ORDER

Rachell A. Stallworth ("Stallworth") has filed this action against Okaloosa County School District ("Defendant"), which includes claims for worker's compensation retaliation. Through discovery, the parties have requested and/or will request, certain personnel, financial, business and other documents that may contain sensitive information that should be kept confidential. The parties have agreed that such information will not be disclosed or used except as appropriate and relevant in court proceedings in this case consistent with the provisions in the proposed order set forth below.

For purposes of this agreement, "confidential" as a designation shall be used for the protection of the privacy interests of persons not party to this action as well as to protect otherwise sensitive information pertaining to the defendant that is not proprietary in nature and any medical, tax or other documents pertaining to plaintiff that are sensitive in nature.

IT IS HEREBY ORDERED, upon the consent and agreement of counsel for the parties:

That the confidential documents and information tendered by the parties, whether such information is obtained from documents or direct testimony by the parties (or any person acting as the agent or representative of the parties) will be disclosed only to the parties, their counsel, employees of the parties' counsel, expert witnesses retained by the parties, persons with prior knowledge of the documents or confidential information contained therein and court officials involved in this litigation (including court reporters and persons operating video recording equipment at depositions) who are covered and bound by this Order.

That all documents subject to this Order will be so designated by being stamped "confidential" consistent with Paragraph 2 *supra*;

That neither the parties nor their counsel will disclose said confidential information or documents (including documents used as exhibits in depositions) to any person except as part of the parties' discovery efforts, as evidence in this case, or otherwise as may be permitted by subsequent order of the Court or as expressly authorized by the disclosing party. In addition, to the extent that confidential documents are used at a deposition, the documents will not be annexed to the deposition or otherwise made a part of the record unless filed with the Court under seal;

That if counsel for any party believes that it is necessary to disclose any such confidential or proprietary information or documents to persons other than persons designated in Paragraph (a) *supra* or in a manner inconsistent with Paragraph (c) *supra*, then counsel must seek approval of the Court. Before prior approval for further disclosure of protected documents is sought from the Court, however, counsel for the receiving party must confer with counsel for the party who produced the confidential information and attempt to reach agreement on the extent of further disclosure. Counsel must advise the Court of their compliance with the preceding sentence and their agreement or lack thereof when prior approval for further disclosure is sought. Additionally, if the receiving party disagrees with the "confidential" designation on any document produced pursuant to this agreement, the receiving party may request relief from the Court. Prior to doing so, counsel must attempt to reach agreement on the designation of the document. If unable to reach agreement and relief from the Court is sought, counsel for the parties must certify to the Court compliance with the preceding sentence.

That the parties, upon the disclosure of confidential records or information pursuant to this Confidentiality Agreement and Protective Order, do not waive any objection to the admissibility of said records and information or any portion thereof in evidence at trial (or other court proceedings) on the grounds of relevancy, privilege, competency or other appropriate grounds;

That, upon conclusion of this case and upon request from the opposing party, the party or their counsel will return all documents (and destroy all copies thereof) subject to this Protective Order to the requesting party's counsel and provide a verified statement to the requesting party that the party has complied with the letter and spirit of this Protective Order.

**SO ORDERED** this 2nd day of September, 2010.

M. Casey Rodgers
UNITED STATES DISTRICT JUDGE

AGREED TO BY:

Heather F. Lindsay
Lindsay & Andrews, P.A.
5218 Willing Street
Milton, FL 32570
Phone: 850-623-3200
Fax: 850-623-0104
hfl@lal-law.com
**ATTORNEY FOR PLAINTIFF**

John A. Unzicker, Jr.
Vernis & Bowling
of Northwest Florida, P.A.,
315 South Palafox Street
Pensacola FL 32502
junzicker@florida-law.com.

**ATTORNEY FOR DEFENDANT**